**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pernell PARKER, Defendant–
Appellant.**

**No. 00–4907.**

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 17, 2001.

Decided Dec. 10, 2001.

Thomas J. Saunders, Baltimore, MD; Christopher M. Davis, Davis & Davis, Washington, DC, for appellant. Stephen M. Schenning, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, MD, for appellee.

Before WILKINS and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

OPINION

PER CURIAM.

Pernell Parker appeals his conviction for mailing a threatening communication, in violation of 18 U.S.C.A. § 876 (West 2000). Parker first asserts that he was denied the right to represent himself despite repeated requests to do so. We conclude that the district court acted properly in referring Parker for a competence examination, based on both the motion of Parker's counsel and the district court's own observations. Competence in the context of waiver of counsel is coextensive with competence to stand trial. *Godinez v. Moran,* 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993). Once Parker was found to be competent, he made no clear

and unequivocal assertion of his right to represent himself. *See United States v. Frazier –l,* 204 F.3d 553, 558 (4th Cir.), *cert. denied,* 531 U.S. 994, 121 S.Ct. 487, 148 L.Ed.2d 459 (2000). Therefore, we find no error in the district court's decision to continue the proceeding with Parker represented by appointed counsel.

■ We also reject Parker's challenge to the jury instruction regarding the proof necessary to sustain a conviction under § 876. In *United States v. Maxton,* 940 F.2d 103, 106 (4th Cir.1991), we held that a defendant must have a general intent to threaten at the time of mailing. A general intent to threaten requires that the government "establish that the defendant intended to transmit the interstate communication and that the communication contained a true threat." *United States v. Darby,* 37 F.3d 1059, 1066 (4th Cir.1994). The jury charge complied with our holdings in *Maxton* and *Darby,* and we decline Parker's invitation to reconsider that decision to require proof of a specific intent to threaten.

Finally, Parker asserts that he was denied his rights under the Speedy Trial Act, 18 U.S.C.A. § 3161 (West 2000) (the Act). Even if we were to concede Parker's argument concerning transportation time under § 3161(h)(1)(H), the trial was within the allotted period under other exclusions provided for in the Act. Therefore, Parker is entitled to no relief on this claim.

We affirm Parker's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*